[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Herman D. Tope, appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, dividing the marital property and awarding spousal support in a divorce action. For the following reasons, we affirm the judgment of the trial court.
Mr. Tope and plaintiff-appellee, Donna J. Tope, were married in 1969, and they separated in 1996. They had no children together. During the marriage, Mr. Tope worked as a firefighter and a truck driver and owned a garage-door business. Mrs. Tope was a homemaker throughout most of the marriage, but she did work outside the home briefly. Mrs. Tope earned her general equivalency diploma in 1975. At the time of their separation, both parties were over sixty years of age and experienced some health problems.
Following a hearing before a magistrate and the filing of objections by both parties, the trial court issued its decree of divorce on April 27, 2001. Among other provisions of the decree, the court ordered that a life insurance policy be awarded to Mrs. Tope. Pursuant to the terms of the decree, Mrs. Tope was to be the beneficiary of the death benefit of the policy, but the policy was ordered to revert to Mr. Tope if Mrs. Tope were to predecease him. The court further ordered that Mrs. Tope receive $12,466.99, as well as spousal support of $400 per month for the remainder of her life.
In his first assignment of error, Mr. Tope argues that the trial court erred in awarding Mrs. Tope the insurance policy and the $12,466.99. He argues that the cash payment represented a share of the policy, and that, because the court had already ordered that Mrs. Tope receive the policy, she was in effect awarded the same property twice. We find no error in the court's judgment.
The division of marital property is governed by R.C. 3105.171(C)(1), which provides that property shall be divided equally unless an equal division would be inequitable. In determining the allocation of marital property, the trial court must consider the factors enumerated in R.C.3105.171(F). A trial court's decision with respect to the division of marital property is not to be reversed absent an abuse of discretion.[1]
The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision is unreasonable, arbitrary, or unconscionable.[2]
We find no abuse of discretion in the trial court's decision. The policy was not simply awarded to Mrs. Tope without restriction. Rather, the court ordered her to be the beneficiary of the policy as long as she lived. If she were to predecease Mr. Tope, the policy would revert to him. The trial court could have reasonably concluded that Mrs. Tope should receive a cash sum in addition to what constituted merely a life estate in the policy, which she could not convert to cash or pledge.
Further, even if the award of the policy resulted in a greater share of the marital property being allocated Mrs. Tope, the trial court's decision was not an abuse of discretion. In light of the duration of the marriage, as well as Mrs. Tope's age and lack of earning ability, the trial court could have rationally decided that it would be equitable for her to receive a greater share of the marital estate. Given that the marital property was valued at approximately $200,000, we cannot say that the trial court's decision regarding the policy and the cash award rendered the decree as a whole unreasonable, arbitrary or unconscionable. The first assignment of error is therefore overruled.
In his second assignment of error, Mr. Tope contends that the trial court erred in ordering spousal support for the remainder of Mrs. Tope's life. Again, we find no error in the trial court's judgment.
In determining the amount and duration of spousal support, the court must consider the factors enumerated in R.C. 3105.18(C)(1). A trial court's decision with respect to spousal support is not to be disturbed absent an abuse of discretion.[3] As the Supreme Court of Ohio has held, an award of spousal support should terminate after a reasonable period of time "except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home."[4]
We hold that each of the exceptional circumstances cited in Kunkle are present in the case at bar. The parties were married for approximately twenty-seven years, Mrs. Tope is above sixty years of age, and there is evidence that her duties as a homemaker prevented her from developing meaningful employment outside the home. Although Mr. Tope argues that Mrs. Tope could obtain employment and achieve self-sufficiency, we find no abuse of discretion in the trial court's rejection of that argument. The second assignment of error is overruled, and the trial court's judgment is affirmed.
Doan, P.J., Hildebrandt and Winkler, JJ.
[1] Ayer v. Ayer (June 30, 2000), Hamilton App. No. C-990712, unreported.
[2] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140,1142.
[3] See Schroeder v. Schroeder (Aug. 18, 2000), Hamilton App. No. C-990532, unreported.
[4] See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus.